**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JOHN COOMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00034-TWP-MPB |
| | ) |
| REPUBLIC AIRLINE INC., | ) |
| | ) |
| Defendant. | ) |

<u>**ENTRY ON DEFENDANT'S MOTION TO DISMISS**</u>

This matter is before the Court on Defendant Republic Airline Inc.'s ("Republic") Motion to Dismiss. (Filing No. 8.) On December 6, 2018, Plaintiff John Coomes ("Coomes"), *pro se*[1], filed a Complaint in the Marion Superior Court against Republic, alleging employment discrimination on the basis of age, gender, sexual orientation and negligent retention. (Filing No. 1-3.) Republic removed the action to federal court. (Filing No. 1.) Republic seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Coomes fails to state a claim upon which relief may be granted. (Filing No. 8.) For the following reasons, the Court **grants in part and denies in part** Republic's Motion to Dismiss.

## I.     BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Coomes as the non-movant. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

---

[1] Although he is proceeding *pro se*, Coomes is both a pilot and licensed attorney in the State of Indiana. *See* Filing No. 13 at 1).

Coomes began working for Republic as a pilot in 2013 and when he filed his Complaint in December 2018, he was a Captain with the airline. ([Filing No. 1-3 at 2](Filing No. 1-3 at 2).) Beginning in 2016, Coomes "has been singled out for harassment and discrimination by Pat Gannon, a Vice-President due to [his] Age, Gender, and Sexual Orientation." *Id.* Pat Gannon ("Gannon") oversees and is the ultimate decisionmaker as to who gets positions in the Flight Operations department at Republic. *Id.*

Gannon began his harassment of Coomes "in 2016 with verbal attacks and sexually graphic taunts." *Id.* He withheld approval of expenses or inappropriately denied claimed expenses and then belatedly approved them, delaying repayment. *Id.* Gannon initiated retroactive changes to Coomes' training record and refused to correct them when they were brought to his attention. *Id.* at 3. He also directed the company not to make a full bonus payment to Coomes in 2016. *Id.* Gannon forced Coomes to undergo unnecessary training that was not required of other employees. *Id.*

Since 2016, Coomes has been passed over for positions in Flight Operations such as AQP Manager, Chief Pilot, and Assistant Chief Pilot despite being qualified for those positions. *Id.* Starting in 2018, Coomes has not received interviews for other positions he has been qualified and applied for. *Id.* In March 2018, he was not hired as a Simulator Instructor and "all people hired were young men in their 20s and 30s of varying sexual orientations." *Id.* In May 2018, Coomes was not hired as manager of Flight Operations; the man hired was approximately 30 years old. *Id.* Republic was accepting applications for the position of Program Manager, to which Coomes applied in August 2017 and he has not been granted a chance to interview for. *Id.*

Gannon has singled out Coomes and ridiculed him in staff meetings when Coomes is absent. *Id.* This and other behavior "has created a hostile work environment that generates a level

of anxiety in [Coomes] that is persistent and ongoing." *Id.* Coomes has brought this behavior to the attention of his supervisor and Human Resources, but Republic has done nothing to correct Gannon's behavior. *Id.*

In October 2017, Republic investigated Gannon for sexual harassment, discrimination, and creating a hostile work environment. *Id.* at 4. Coomes was interviewed by outside counsel as part of that investigation and he shared some of the facts related above with the investigator. *Id.* Despite that investigation, Republic took no action to correct the adverse effects of Gannon's behavior. *Id.* Republic investigated Gannon again in March 2018 for creating a hostile work environment, sexual harassment, and discrimination. *Id.* "At the conclusion of that investigation, the company published a memo all but naming Pat Gannon as a serial abusive manager, but took no action to remove him from his position of authority." *Id.*

On August 28, 2018, Coomes submitted a Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC"). (Filing No. 9-1.) In his charge, he wrote:

> I have worked for Republic Airline since April 2013. My most recent title is Captain.
>
> Since 2016, I have been continually denied positions in which I have applied for, such as AQP Manager, Chief Pilot, and Assistant Chief Pilot. In 2018, I have not even been granted interviews for positions I have applied for, despite being qualified. In March 2018, I was not hired for the Simulator Instructor positions and all people hired were young men in their 20s and 30s of varying sexual orientations. In May 2018, I was not hired as the manager of Flight Operations, and the man hired was around 30. In August 2017, I applied for the Program Manager position, which Republic Airlines is still seeking applications, even though I am qualified and have never been granted an interview.
>
> I believe I am being discriminated [against] based on my age, 50, and sex, gender, and sexual orientation, in violation of the Age Discrimination in Employment Act of 1967, and Title VII of the Civil Rights Act of 1967, as amended.
>
> *Id.* at 2.

Read generously, The Complaint brings three claims against Republic: (1) discrimination based on age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1); (2) discrimination based on gender and sexual orientation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; and (3) negligent retention in violation of Indiana law. (Filing No. 1-3.) Coomes asks for "in excess of $1,000,000 in damages." *Id.* Republic has moved to dismiss the Complaint pursuant to Rule 12(b)(6). (Filing No. 8.)

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face."

*Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.     DISCUSSION

Republic makes four arguments in its Motion to Dismiss: (1) Coomes' ADEA and Title VII claims alleging violations before March 1, 2018 fail because they exceed the scope of the Charge of Discrimination Coomes filed with the EEOC; (2) Coomes' ADEA age discrimination claim fails to state a claim upon which relief may be granted; (3) Coomes' Title VII sex, gender, and sexual orientation discrimination claim fails to state a claim upon which relief may be granted; and (4) Coomes' negligent retention claim fails to state a claim upon which relief may be granted. (Filing No. 9.)  The Court will address each argument in turn.

### A.     Coomes' Pre-March 1, 2018 Claims

According to Republic, as a pre-condition to the filing this action, Coomes had to file a Charge of Discrimination with the EEOC, which he did on August 28, 2018. (Filing No. 9-1.) Republic argues that because the charge "states that Republic's discriminatory actions only occurred during the time period of March 1, 2018, and August 28, 2018," any claims in The Complaint based on actions outside that timeframe must be dismissed.   (Filing No. 9 at 7.) Republic contends "it can only be presumed that Coomes included the 2016 and 2017 recitation of jobs applied for by him to provide a backdrop for his post March 1, 2018, discrimination claim." *Id.*  Republic also points out that the Charge of Discrimination does not mention Gannon by name.[2] *Id.*

---

[2] Republic attached Coomes' EEOC charge to its Brief in Support of Defendant's Motion to Dismiss. (Filing No. 9-1.) The Court notes Fed. R. Civ. P. 12(d), which states: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside

Republic is correct that Coomes' Charge of Discrimination lists the earliest date discrimination took place as "03-01-2018." (Filing No. 9-1.) But Republic also acknowledges that the charge is marked as a "continuing action." *Id.* And Republic ignores that in the box labeled "The Particulars Are," in which Coomes wrote the details of his allegation, he mentioned that he has been denied positions for which he has applied "[s]ince 2016" and that he has not been granted an interview for the "Program Manager position," which he applied for in "August 2017." *Id.*

"As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). Nevertheless, because most EEOC charges are filed by laypersons and not lawyers, a plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in the complaint.[3] *Id.* The Court will recognize the claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir. 1976) (en banc). The *Jenkins* test is satisfied "if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and

---

the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." In the context of an EEOC charge, this Court has opted to read rule 12(d) in conjunction with Rule 10(c), which states: "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

"Courts throughout this circuit have declined to convert a motion to dismiss to a motion for summary judgment" if the extrinsic document is "referred to in the plaintiff's complaint and [is] central to her claim." *Glass v. Clarian Health Partners, Inc.*, no. 1:05-CV-0583-JDT-TAB, 2005 WL 2476129 at *2-3 (S.D. Ind. Oct. 6, 2005) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The Complaint refers to the EEOC charge attached to Republic's brief. (Filing No. 1-3 at 2.) And the EEOC charge is central to Coomes' claims; indeed, it was a prerequisite to filing those claims. Therefore, the Court will not convert Republic's Motion to Dismiss into a Motion for Summary Judgment.

[3] Because Coomes is an attorney, his EEOC charge happens to be one that was filed by an attorney. But that does not change the Court's standard.

the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.*

Coomes' claims under the ADEA and Title VII satisfy both elements of this test. The allegations set out in his EEOC charge are a barebones version of the facts laid out in his Complaint. The EEOC charge alleges discrimination based on age, gender, and sexual orientation. ([Filing No. 9-1](#).) Like his Complaint, his charge lists specific promotions he has been denied despite being qualified and the gender and approximate ages of the people who were ultimately hired for those positions. *Id.* There is a reasonable relationship between these allegations and the claims Coomes made in his Complaint, including allegations of discrimination occurring before March 1, 2018. Coomes' EEOC charge specifically mentions that he has been denied positions for which he was qualified "[s]ince 2016," and that he has not received an opportunity to interview for a position he applied to in "August 2017." *Id.* Moreover, an investigation stemming from Coomes' EEOC charge would likely unearth the same facts that support his discrimination claims.

As for the negligent retention claim, the Court finds it does not satisfy the *Jenkins* test. The claim, which alleges that Republic negligently retained Gannon, "a known creator of a hostile work environment, and a serial discriminator of protected classes," is not related to the facts set out in Coomes' EEOC charge. ([Filing No. 1-3 at 5](#).) Coomes' EEOC charge does not mention Gannon by name, nor does it mention a hostile work environment or sexual harassment. ([Filing No. 9-1](#).) By not addressing these allegations in his EEOC charge, Coomes deprived Republic of the "opportunity to settle the dispute through conference, conciliation, and persuasion," and did not give Republic "some warning of the conduct about which the plaintiff is aggrieved." *Cheek*, 31 F.3d at 500. Because Coomes' negligent retention claim does not satisfy in the *Jenkins* test, the Court **grants** Republic's Motion to Dismiss Coomes' negligent retention claim.

### B. Coomes' ADEA Age Discrimination Claim

The ADEA makes it unlawful "for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To prevail on his age discrimination claim, Coomes must plead sufficient facts that would permit a reasonable factfinder to conclude that his age was the cause of an adverse employment action—here a series of promotions he applied for but did not receive. *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). At the motion to dismiss stage, a plaintiff must set out factual allegations that show: (1) he is a member of a protected class, (2) he was qualified for the job, (3) he was subjected to an adverse employment action, and (4) there was a connection between membership in a protected class and the adverse employment action. *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 696 (7th Cir. 2006).

Republic makes two arguments in opposition to Coomes' ADEA age discrimination claim. First, it argues that any of Coomes' age discrimination claims that occurred before March 1, 2018, are barred by Indiana's 180-day statute of limitations for age discrimination claims. (Filing No. 9 at 8.) Second, Republic argues that Coomes fails to state a claim for age discrimination under the ADEA because no rational factfinder could determine that any adverse employment actions he suffered were related to his age.

#### 1. Statute of Limitations

Republic argues that Coomes cannot recover for any age discrimination he suffered before March 1, 2018 because "the statute of limitations in Indiana for an ADEA charge is only 180 days." (Filing No. 9 at 8 (quoting *Thomas v. City of Michigan City, Indiana*, 672 F. App'x 587, 589 (7th Cir. 2016))). Counting back from August 28, 2018, the day Coomes filed his EEOC charge,

Republic determined that the he could only recover for instances of discrimination that occurred on March 1, 2018 or later.  *Id.*  In response, Coomes invokes the "continuing violation doctrine," in which "[a] charge alleging a hostile work environment claim … will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period."  ([Filing No. 12 at 3](#) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002)).

The Court is not persuaded by this argument. Coomes overlooks a different part of *National Railroad*, differentiating discrete employment actions from a generalized hostile work environment: "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Nat'l R.R. Passenger Corp.* at 114.  Coomes' EEOC charge, and therefore his ADEA claim, focuses on discrete instances of age discrimination—jobs for which he applied but was not hired or even interviewed.  ([Filing No. 9-1](#); [Filing No. 1-3](#).)  *National Railroad* instructs that such discrete acts of employment discrimination must fall within the relevant statute of limitations to be actionable. Here, that statute of limitations is 180 days, which means that Coomes failed to preserve any discrimination claims for discrete acts that occurred more than 180 days before he filed his EEOC charge.  That day is March 1, 2018.  Therefore, any claims of age discrimination arising from actions that occurred before March 1, 2018, must be **dismissed**.

2.  **Failure to State a Claim**

Republic acknowledges that Coomes alleges he was not hired for certain positions such as the Simulator Instructor position in March 2018 and the Manager of Flight Operations position in May 2018, and that the men hired for these positions were in their twenties and thirties.  ([Filing

No. 9 at 9.)  But Republic argues "[t]he Complaint fails to include facts beyond those general statements with regard to these positions …. Meaning, he fails to plead facts sufficient to show a connection between his membership in a protected class and the adverse employment action." *Id.* at 10.

With respect to the age discrimination claim, the Court disagrees.  Coomes' EEOC charge says that he was 50 years old when he did not receive these promotions—thus he was a member of a protected class.  (Filing No. 9-1.)  His Complaint alleges he is qualified for the jobs to which he applied, and that he was not promoted to those jobs.  (Filing No. 1-3.)  His Complaint also states that the men who ultimately were hired for the positions he applied to were in their twenties and thirties, creating a reasonable inference that age was a factor in Republic's employment decision. At this stage, the Court must construe every inference in favor of Coomes, the non-movant. Coomes argues that "only through discovery shall Plaintiff be able to provide the requisite documentation to prove the claim." (Filing No. 12 at 4.) Rarely will age discrimination be so obvious that a claimant can allege facts at the pleading stage that conclusively show age discrimination occurred—but the pleading standard is not so demanding.  To state a claim, Coomes needed only to allege facts that create an inference that he suffered an adverse employment action because of his membership in a protected class. Because his Complaint meets that low bar, Republic's Motion to Dismiss his ADEA claim for acts occurring on or after March 1, 2018 is **denied**.

## C.  <u>Coomes' Title VII Sex, Gender, and Sexual Orientation Discrimination Claim</u>

Republic makes roughly the same two arguments in opposition to Coomes' Title VII claim. (Filing No. 9 at 10.)   Instead of March 1, 2018, Republic asserts that any instances of discrimination based on sex, gender, or sexual orientation before November 1, 2017 must be

dismissed because Title VII claims carry a 300-day statute of limitations rather than a 180-day statute of limitations. *Id.* Republic also argues the Complaint fails to state a claim for sex, gender, or sexual orientation discrimination because Coomes does not tie his sex, gender, or sexual orientation to any adverse employment action against him. *Id.* at 11-12.

1.    **Statute of Limitations**

The statute of limitations in Indiana for a Title VII claim is 300 days. *Thomas*, 672 F. App'x at 589 (citing 42 U.S.C. § 2000e-5(e)(1); *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); *and Equal Emp't Opportunity Comm'n v. N. Gibson Sch. Corp.*, 266 F.3d 607, 617 (7th Cir. 2001)). The Complaint alleges sex, gender, and sexual orientation-based discrimination going as far back as 2016, but Coomes did not file an EEOC charge until August 28, 2018. Three hundred (300) days prior to August 28, 2018, is November 1, 2017. Therefore, any claim contained in The Complaint that alleges sex, gender, or sexual orientation discrimination prior to November 1, 2017 is untimely as a matter of law.

Coomes makes the same argument on this claim as he makes on his age discrimination claim—that his discrimination took the form of a hostile work environment and therefore the continuing violation doctrine saves any claims of discrimination that occurred before November 1, 2017. But that argument fails for the same reason—the Complaint alleges separate, discrete acts of discrimination in the form of job promotions he did not receive. The United States Supreme Court has said that discrete adverse employment actions are not covered by the continuing violation doctrine; they must fall within the statutory period for the plaintiff to recover. *Nat'l R.R. Passenger Corp.* at 114. Any claims of sex, gender, or sexual orientation discrimination for acts that came before November 1, 2017 do not fall within the statutory period and are therefore **dismissed**.

2.      **Failure to State a Claim**

Republic argues that Coomes "fails to plead that Republic failed to hire, or interview, him for any position based upon his sex/gender (male) or his sexual orientation." (Filing No. 9 at 12.) Republic states that for most positions Coomes did not receive, he does not identify the sexual orientation of the persons who received those positions, and the recipients of the Simulator Instructor and Manager of Flight Operations positions were "of varying sexual orientation." *Id.* Taking Coomes' allegations as true, Republic argues, he has not made a claim for sex or sexual orientation discrimination.

Coomes responds that his claim of sex, gender, and sexual orientation discrimination "is specifically directed at Gannon in his role as Vice President of Flight Operations." (Filing No. 12 at 5.) He also argues that "[d]iscovery will make clear how Plaintiff's gender and sexual orientation was the reason behind the discrimination perpetuated by Gannon." *Id.* Confronted with the fact that neither his Complaint nor his EEOC charge reveal his sexual orientation, Coomes cites *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010), in which the plaintiff, making a discrimination claim under the Fair Housing Act, stated a claim by "identif[ying] the type of discrimination that she thinks occurs (racial), by whom (Citibank, through Skertich, the manager, and the outside appraisers it used), and when (in connection with her effort in early 2009 to obtain a home-equity loan)." He also cites *Kolupa v. Roselle Park Dist.*, 438 F.3d 713 (7th Cir. 2006) and *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998), which indicate that it is the claim, and not the facts supporting the claim that are important for determining the sufficiency of a complaint.[4]

---

[4] For example, *Bennett* instructs that "'I was turned down for a job because of my race' is all a complaint has to say." 153 F.3d at 518. "[A] complaint is not required to allege all, *or any*, of the facts logically entailed by the claim." *Id.* (internal quotation omitted).

The Court agrees with Coomes' contention that it is immaterial whether a Title VII complaint for discrimination based on sexual orientation (or an EEOC charge) explicitly reveals the plaintiff's sexual orientation. Nevertheless, Coomes' Complaint does not give rise to an inference that his gender or sexual orientation were factors in his not receiving certain jobs at Republic. He makes the allegation that he was discriminated against based on his sexual orientation, but the Complaint also states that those persons who were hired for the positions were men, eliminating an animus toward men as a possible motivation for refusing to hire him. ([Filing No. 1-3 at 3](#).) The Complaint states that the young men hired for the Simulator Instructor position were "of varying sexual orientations." *Id.* Coomes does not say whether or how these "varying sexual orientations" differ from his own. The Complaint is so vague that it gives the impression that Republic is offering jobs to men with a variety of sexual orientations, and thus implies that Republic does not discriminate based on sexual orientation. The facts as pleaded in the Complaint give rise to an inference that Republic hires men of various sexual orientations. They do not give rise to the opposite inference, which would create a nexus between Coomes' sexual orientation and Republic's refusal to offer him certain jobs.

Coomes' age discrimination claim survives because it alleges that Republic only hires men in their twenties or thirties so he, as a man in his fifties, has been discriminated against. But his sex and sexual orientation claim does the opposite. He alleges that he was discriminated against based on his sex (male), but in the Complaint, Coomes alleges that Republic hires almost exclusively men. *Id.* And he alleges that he was discriminated against based on his sexual orientation, but his Complaint reveals that Republic hired men "of varying sexual orientations" for the Simulator Instructor positions and did not address the sexual orientations of the persons hired for the other jobs he applied for. His Complaint alleges an adverse employment action, but it does

not pose facts creating an inference that the adverse employment action resulted from discrimination based on sex or sexual orientation. Thus, it does not state a claim upon which relief can be granted. Republic's Motion to Dismiss Coomes' sex, gender, and sexual orientation discrimination claims is **granted, and these three claims are dismissed**.

### IV.    CONCLUSION

For the reasons stated above, Republic's Motion to Dismiss (Filing No. 8) is **GRANTED in part and DENIED in part**. It is **granted** as to Coomes' negligent retention claim and his Title VII sex, gender, and sexual discrimination claims. The negligent retention claim is **dismissed with prejudice.** The sex, gender, and sexual discrimination claims discrimination for acts that came before November 1, 2017 are **dismissed with prejudice,** and the acts after November 1, 2017 are **dismissed without prejudice.** The Court also **grants** the Motion and **dismisses with prejudice**, the ADEA age discrimination claim for behavior that occurred before March 1, 2018. The Court **denies** the Motion as to Coomes' age discrimination claim for behavior that occurred on or after March 1, 2018.

In its discretion, the Court grants Coomes leave until **October 21, 2019,** to file an Amended Complaint if he believes he can cure the defects in those claims dismissed without prejudice. Likewise, the Court denies leave to file an Amended Complaint on those claims dismissed with prejudice, because it would be futile.

**SO ORDERED.**

Date: 9/20/2019

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

John Coomes
4934 Ford Street
Speedway, Indiana  46224

David J. Carr
ICE MILLER LLP (Indianapolis)
david.carr@icemiller.com

Paul Conrad Sweeney
ICE MILLER LLP (Indianapolis)
paul.sweeney@icemiller.com