**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JOHN COOMES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00034-TWP-MPB |
| | ) |
| REPUBLIC AIRLINE INC., | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON PENDING MOTIONS**

This matter is before the Court on a Motion to Amend Complaint filed by *pro se* Plaintiff John Coomes ("Mr. Coomes") (Filing No. 32) and a Motion to Strike filed by Defendant Republic Airline, Inc. ("Republic") (Filing No. 34). Also pending is Defendant's Motion to Dismiss (Filing No. 23) the Amended Complaint at Docket 21. For the reasons stated below, the Court **grants** Mr. Coomes' Motion to Amend, **denies** Republic's Motion to Strike, and **denies as moot** Republic's Motion to Dismiss.

## I. BACKGROUND

On December 6, 2018, Mr. Coomes filed a Complaint in the Marion Superior Court against Republic, alleging employment discrimination on the basis of age, gender, sexual orientation and negligent retention (Filing No. 1-3). Republic removed the action to federal court (Filing No. 1). On February 8, 2019, Republic filed a Motion to Dismiss for Failure to State a Claim (Filing No. 8), which the Court granted in part and denied in part. (Filing No. 14.) This Court dismissed Mr. Coomes' negligent retention claim, any age discrimination claims that occurred before March 1, 2018, and any claims of sex, gender, or sexual discrimination, and granted leave for Mr. Coomes

to file an Amended Complaint if he believed he could cure the defects in claims dismissed without prejudice . *Id.*

On October 21, 2019, Mr. Coomes filed a First Motion to Amend his Original Complaint, (Filing No. 19), which the Court granted (Filing No. 20).  Republic moved to strike that complaint; however, the Court denied that motion and the complaint of Hostile Work Environment, Discrimination of Age, Gender, and Sexual Orientation, Negligent Retention and Retaliation at Docket 21 was deemed the operative complaint (Filing No. 22).  Thereafter, on November 12, 2019, Republic moved for dismissal for failure to state a claim on all of Mr. Coomes' Amended Complaint except for his age discrimination claim for behavior that occurred on or after March 1, 2018, which was the only claim to survive Republic's previous motion to dismiss (Filing No. 23). In response to the Motion to Dismiss, Mr. Coomes filed the instant Motion for Leave to File Amended Complaint, (Filing No. 32), and a second Amended Complaint, (Filing No. 33). Republic has moved to strike the second Amended Complaint (Filing No. 34).

## II. LEGAL STANDARD

### A. Motions to Amend

Federal Rule of Civil Procedure 15(a) governs amended and supplemental pleadings before trial.  Rule 15(a)(1) states:

> A party may amend its pleading once as a matter of course within 21 days of serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12 (b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  In all other cases, pursuant to Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  The United States Supreme Court has stated "this mandate is to be heeded." *Forman v. Davis*, 371 U.S. 178, 182 (1962).  The

Supreme Court in *Forman* found this standard to be quite liberal, and only in very limited circumstances would a denial of leave to amend be justified. Specifically, the Supreme Court found "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" would support a denial. *Id*. Absent such special circumstances, "the leave sought should, as the rules require, be 'freely given'" and failure to do so would be an abuse of discretion. *Id.*

Southern District of Indiana Local Rule 15-1(a)(1) on Motions to Amend Pleadings further mandates that "[a] motion to amend a pleading must if it is filed electronically, include as attachments the signed proposed amended pleading and a proposed order."

### B. Motions to Strike

Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may, (1) act on its own, or (2) on a motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. *Id.* Motions to strike are generally disfavored; however, "where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

### III.   DISCUSSION

### A. The Amended Complaint

Mr. Coomes filed a second Motion to Amend his Complaint on March 5, 2020 (Filing No. 32), citing Federal Rule of Civil Procedure 15(a)(2). He asserts that the "court should freely give leave [to amend a complaint] when justice so requires." The proposed Second Amended

Complaint[1] alleges essentially the same claims of hostile work environment/discrimination, state law claims for negligent retention, Title VII Retaliation, State Law Title VII Retaliation, and State law Retaliation-Union Activities. However, the Second Amended Complaint seeks to add the following claims for relief: Title VII Retaliation, State Law Title VII Retaliation, and State Law Retaliation – Union Activities, in relation to the additional factual allegations in the Second Amended Complaint.

Mr. Coomes seeks to add the following factual allegations in support of his claims against Republic. On February 26, 2020, Republic summoned Mr. Coomes and summarily fired him (Filing No. 32). Republic stated the basis for the firing was that Mr. Coomes "assisted other employees with protected actions contrary to" Republic. *Id.* Republic further claimed that Mr. Coomes had "a 'conflict of interest' in assisting fellow co-workers." *Id.* Mr. Coomes alleges Republic never claimed he was operating an aircraft for another company or that he had acted in a representative capacity for Republic. Pursuant to the amended complaint, the "conflict" was a "complete fabrication and a fiction of [Republic's] imagination." *Id.* Thus, Mr. Coomes argues amending the Complaint is "warranted to conform the pleadings to the proof." *Id.*

Courts are instructed to deny leave to amend for such reasons as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of [the] amendment." *Airborne Beepers & Video, Inc. v. A T & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007); *Leavell*, 600 F.3d at 808.

---

[1] For the sake of clarity, this Court refers to Coomes' initial complaint (Filing No. 1-3) as the "Complaint," his amended complaint (Filing No. 21) as the "First Amended Complaint," and his most recent proposed amended complaint (Filing No. 33) as the "Second Amended Complaint" regardless of what each document is titled.

4

Mr. Coomes has had three pleadings and two sets of motions briefs to explain what facts support his claims of employment discrimination. Still, the Court does not find undue delay, bad faith or dilatory motive on the part of the movant. The amended complaints were filed within months of one another. Under these circumstances, the Court does not find undue prejudice to the opposing party by virtue of allowance of the amendment. Moreover, giving Mr. Coomes, a *pro se* litigant, the benefit of the doubt is the more prudent approach. Accordingly, the Court determines that justice requires Mr. Coomes be allowed to amend his Complaint and grants the Motion to Amend (Filing No. 32)

### IV.  MOTION TO STRIKE

Republic filed a Motion to Strike Mr. Coomes' Second Amended Complaint (Filing No. 43). Republic argues that pursuant to Fed. R. Civ. P. 15, Local Rule 15-1(a)(1), and this Court's relevant scheduling orders (*see* Filing No. 17), Mr. Coomes' deadline to file a motion for leave to amend has passed. Republic argues the deadline to file an amended pleading as a matter of course under Fed. R. Civ. P. 15(a)(1) has passed, Mr. Coomes does not have leave to file an amended pleading pursuant to Fed. R. Civ. P. 15(a)(2), and Mr. Coomes has failed to propose Filing No. 33 as a proposed Second Amended Complaint in accordance with Local Rule 15-1(a)(1). The Court disagrees. Mr. Coomes' Motion to Amend specifically asks the Court to grant him leave to amend under Rule 15(a)(2), thus Republic's contention that "Plaintiff does not have leave to file an amended pleading per Fed. R. Civ. P. 15(a)(2)" assumes its conclusion. Additionally, under Local Rule 15-1(a)(1), Mr. Coomes did include as attachments the signed proposed amended pleading and a proposed order, therefore Republic's argument that Mr. Coomes did not file his proposed Second Amended Complaint in accordance with Local Rule 15-1(a)(1) is also incorrect.

Republic also filed a Response in Opposition to Mr. Coomes' Second Motion to Amend (Filing No. 37). The Response states Mr. Coomes' "alleged new Title VII relation claims fail because they exceed the scope of the EEOC charge referenced in the proposed [Second] Amended Complaint and because they fail the threshold plausibility requirement." *Id*. Republic asserts Mr. Coomes' "alleged new Union activity retaliation claims fail because they stand preempted by the Railway Labor Act, 45 U.S.C. § 151, *et seq.* ("RLA") and because they fail the threshold plausibility requirement." *Id.*

As noted above, motion's to strike pleadings are disfavored. Republic's arguments are attacks on the substance of the Second Amended Complaint, and are not relevant to the procedural question of whether Mr. Coomes may file another amended complaint. Republic's motion to strike is denied because the arguments as to the merits of the Second Amended Complaint are more properly made in a motion to dismiss.

## V.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Amend (Filing No. 32) and **DENIES** Republic's Motion to Strike (Filing No. 34). Mr. Coomes' Second Amended Complaint at Docket 33 is now the operative Complaint in this action. Republic's Motion to Dismiss Plaintiff's First Amended Complaint, (Filing No. 23), is therefore **DENIED as moot**.

Mr. Coomes has now had two opportunities to amend his Complaint; the Court is not inclined to grant leave for any further amendments.

**SO ORDERED.**

Date: 6/26/2020

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

John Joseph Coomes
4934 Ford Street
Suite 201
Speedway, Indiana 46224

David J. Carr
ICE MILLER LLP (Indianapolis)
david.carr@icemiller.com

Paul Conrad Sweeney
ICE MILLER LLP (Indianapolis)
paul.sweeney@icemiller.com