### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN COOMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-00034-TWP-MPB |
| | ) | |
| REPUBLIC AIRWAYS INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
### AND DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on a Motion for Summary Judgment, (Filing No. 51), and

a Motion to Dismiss, (Filing No. 55), filed by Defendant Republic Airways Inc. ("Republic"). *Pro*

*se* Plaintiff Johns Coomes, ("Coomes"), initiated this action against Republic alleging employment

discrimination on the basis of age, gender, sexual orientation and negligent retention (*see* Filing

No. 1-3). After the Court granted in part and denied in part an earlier motion to dismiss filed by

Republic (*see* Filing No. 14), Coomes filed a Second Amended Complaint, which in addition to

restating his prior allegations (including those counts that had already been dismissed with

prejudice), added claims for retaliation based on his engaging in union activity and protected

activity under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*,

("Title VII") (*see* Filing No. 33). For the following reasons, the Court **grants in part and denies**

**in part** Republic's Motion to Dismiss and **grants** Republic's Motion for Summary Judgment. In

addition, the Court resolves two additional related motions: Coomes' "Request for Further

Discovery" embedded in his summary judgment response brief, (Filing No. 63), is **denied** and

Coomes' "Motion for More Time Due to Technical Error" is **denied as moot**, (Filing No. 62-1).

## I.   <u>BACKGROUND</u>

The following facts are not necessarily objectively true, but, as required when reviewing a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The Court has already laid out the facts alleged in an earlier Entry on Republic's prior motion to dismiss, it will largely replicate them here, while adding facts pertinent to Coomes' new retaliation allegations. As for additional facts pertinent to the summary judgment motion, those will be stated at the beginning of the portion of this Entry discussing that Motion. *See infra* Subsection III.B.1.

Coomes is a heterosexual male, born in 1967. He began working for Republic as a pilot in 2013 and, until February 26, 2020, he was a Captain with the airline (Filing No. 33 at 1, 2, 5).[1] He previously held two successive management positions within Republic as manager of AQP (Advanced Qualification Program) in two different subsidiaries. *Id.* at 2. At all material times, Coomes is and was a member of the union recognized as the bargaining unit representing the pilots at Republic. He served as a union steward, meaning he represented union members in grievances against Republic. *Id.*

Beginning in 2016, Coomes was "singled out for harassment and discrimination by Pat Gannon [("Gannon")], a Vice-President due to his Age, Gender, and Sexual Orientation." *Id.* Gannon oversees and is the ultimate decisionmaker as to who gets positions in the Flight Operations department at Republic. *Id.* Gannon began his harassment of Coomes "in 2016 with verbal attacks and sexually graphic taunts." *Id.* He withheld approval of expenses or inappropriately denied claimed expenses and then belatedly approved them, delaying repayment.

---

[1] Although Coomes' Second Amended Complaint states that his "current position is Captain," he later declares that he was "summarily fir[ed] . . . on February 26, 2020." (Filing No. 33 at 1, 5).

*Id.* Gannon initiated retroactive changes to Coomes' training record and refused to correct them when they were brought to his attention. *Id.* In 2016, he directed the company not to make a full bonus payment to Coomes. *Id.* Gannon also forced Coomes to undergo unnecessary training that was not required of other employees. *Id.*

Since 2016, Coomes has been passed over for positions in Flight Operations for which he applied, such as AQP Manager, Chief Pilot, and Assistant Chief Pilot despite being qualified for those positions. *Id.* Gannon has singled out Coomes and ridiculed him in staff meetings when Coomes was absent. *Id.* This and other behavior "has created a hostile work environment that generates a level of anxiety in [Coomes] that is persistent and ongoing." *Id.* Coomes has brought this behavior to the attention of his supervisor and Human Resources, but Republic has done nothing to correct Gannon's behavior. *Id.*

In October 2017, Republic investigated Gannon for sexual harassment, discrimination, and creating a hostile work environment. *Id.* at 4. Coomes was interviewed by outside counsel as part of that investigation and he shared some of the facts related above with the investigator. *Id.* Despite that investigation, Republic took no action to correct the adverse effects of Gannon's behavior. *Id.* Republic investigated Gannon again in March 2018 for creating a hostile work environment, harassment, and discrimination. *Id.* "At the conclusion of that investigation, the company published a memo all but naming Pat Gannon as a serial abusive manager, but took no action to remove him from his position of authority." *Id.*

On August 28, 2018, Coomes submitted a Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 3. In this EEOC Charge, he wrote:

> I have worked for Republic Airline since 2013. My most recent title is Captain.
>
> Since 2016, I have been continually denied positions in which I have applied for, such as AQP Manager, Chief Pilot, and Assistant Chief Pilot. In 2018, I have not

3

even been granted interviews for positions I have applied for, despite being qualified. In March 2018, I was not hired for the Simulator Instructor positions and all people hired were young men in their 20s and 30s of varying sexual orientations. In May 2018, I was not hired as the Manager of Flight Operations, and the man hired was around 30. In August 2017, I applied for the Program Manager position, which Republic Airlines [sic] is still seeking applications, even though I am qualified and have never been granted an interview.

I believe I am being discriminated [against] based on my age, 50, and sex, gender, and sexual orientation, in violation of the Age Discrimination in Employment Act of 1967, and Title VII of the Civil Rights Act of 1967 [sic], as amended.

(Filing No. 9-1 at 2.)  On September 7, 2018, the EEOC issued a Form 161, Notice of Rights related to the EEOC Charge (Filing No. 33 at 3).

As a part of his newly-added Title VII retaliation claims, Coomes asserts the following as his protected activity:

1.   the filing of the EEOC Charge on 8/28/2018

2.   the filing of this lawsuit on 1/4/2019; and

3.   assisting a coworker regarding a complaint that falls under the jurisdiction of the EEOC and Title VII.

*Id.* at 3–7.  In turn, Coomes alleges that Republic retaliated against him by:

1.   terminating his girlfriend/domestic partner in October of 2018;

2.   interfering with or denying his ability to schedule flight days during what is known as Schedule Adjustment Periods;

3.   interfering with or denying  the ability to set union duty days;

4.   requiring that he use workers' compensation leave, which he has caused the cancellation of his flight duty time; and,

5.   terminating his employment on February 26, 2020.

*Id.*

As a part of his state law retaliation for union activity claims, Coomes alleges the following as his protected union activity:

4

1.      acting in his capacity as a Steward for the International Brotherhood of Teamsters, Local 357, as well as General Counsel for Transport Workers Union Local 540;

2.      actively campaigning to be elected as the President of the Union; and

3.      acting in his capacity as a Chief Steward for the International Brotherhood of Teamsters, Local 357.

*Id.* at 6, 7–8. Coomes asserts that Republic took the same five adverse employment actions noted above in retaliation for his alleged protected union activity. *Id.*

## II.    LEGAL STANDARDS

As an initial matter, the Court notes that despite his *pro se* status (*see* Filing No. 65 at 1), Coomes—as an attorney (*see* Filing No. 52-3 at 75)—is "not entitled to the flexible treatment granted other *pro se* litigants." *Cole v. Comm'r of Internal Revenue*, 637 F.3d 767, 773 (7th Cir. 2011); *see Godlove v. Bamberger, Foreman, Oswald, & Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990) ("Ordinarily, we treat the efforts of pro se applicants gently, but a *pro se* lawyer is entitled to no special consideration.").

### A.    Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff.  *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact."  *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a

right to relief above the speculative level." 550 U.S. 544, 555 (2007).  Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient.  *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").  The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted).  To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## B.    <u>Summary Judgment Standard</u>

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007).  In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted).  Additionally, "[a] party who bears the

burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

## III.  DISCUSSION

Coomes' Second Amended Complaint, brings the following claims—First Claim: Hostile Work Environment/Discrimination; Second Claim: State Law Claim for Negligent Retention; Third Claim: Title VII Retaliation; Fourth Claim: State Law Retaliation-Title VII; Fifth Claim: State Law Retaliation-Union Activities; Sixth Claim: Title VII Retaliation; Seventh Claim: State Law Retaliation-Title VII; and Eighth Claim: State Law Retaliation-Union Activities. The Court will first address Republic's Motion to Dismiss the Second Amended Complaint, before turning to their Motion for Summary Judgment on the remaining Age Discrimination claims.

A.    **Republic's Motion to Dismiss**

Though the Second Amended Complaint contains eight separate claims, some which overlap, the Court will address them as they have been regrouped by Republic, into five overarching claims:

> (1) age discrimination pursuant to the Age Discrimination in Employment Act of 1967 [("ADEA")];
>
> (2) sex, gender and sexual orientation discrimination pursuant to Title VII . . . (and pursuant to any state law equivalent);
>
> (3) state law negligent retention of [Gannon];
>
> (4) Title VII retaliation (and pursuant to any state law equivalent); and,
>
> (5) a state law claim of union activity retaliation.

(Filing No. 56 at 1.)

The Court previously dismissed most of Coomes' claims from his initial Complaint (with prejudice) (Filing No. 14) ; however, he urges the Court to reconsider these determinations because he "has found, through discovery, new evidence that meets the threshold required for the Court to determine those claims meet the standard to survive a Motion to Dismiss under 12(b)(6)." (Filing No. 65 at 3.) Since the new "evidence supporting those claims shall be addressed individually" in his response brief, *id.*, the Court will discuss the relevant arguments as they become germane.

1.    **Age discrimination pursuant to the ADEA**

Coomes alleges he "was subject to a hostile work environment and discriminated against due to his Age," among other things (Filing No. 33 at 3). Republic contends that any age discrimination claims preceding March 1, 2018, are—as this Court previously held—untimely because Coomes filed his EEOC Charge 180 days after that date (Filing No. 56 at 9). Anticipating that Coomes will again invoke that *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), saves his allegations before that date under the "continuing violation doctrine[,]" Republic argues

this doctrine does not apply.  *Id.*  As previously explained by the Court, "[d]iscrete acts such as … failure to promote, denial of transfer, or refusal to hire … constitute[ ] … separate actionable" (quoting Filing No. 14 at 9).  Moreover, Republic argues that Coomes' timely filed claims also fail, incorporating "by reference its summary judgment filings related to these claims." *Id.* at 10–11.

In his response, Coomes argues his "ADEA age claims are not barred by the 180-day statute of limitation" because his allegations stem from harassment and discrimination that was "continuous and ongoing" starting in January 2016, which created "a generalized hostile work environment." (Filing No. 65 at 3–4.)  Specifically, he argues "that Gannon frequently would show displeasure whenever [Coomes'] name was brought up, thus continuing to poison the well and therefore perpetuate a hostile work environment from 2016 through today." *Id.* at 5. He contends that Gannon's dislike of him began in 2015 when Coomes "stole" Gannon's girlfriend. *Id.* at 6. He contends that "Gannon's continuous discriminatory acts" starting in 2016, permit the Court to "allow for the time to toll for those claims back to the original acts." *Id.* at 7.

In reply, Republic argues that "Coomes failed to dispute" that his ADEA claim for conduct before March 1, 2018, was foreclosed by the applicable 180-day limitations period (Filing No. 67 at 7).  Thus, his reliance, again, on *Nat'l R.R. Passenger Corp.* is misplaced when "none of the act[s] that [are] part of the hostile work environment occurred within any time period before Coomes filed his EEOC charge". *Id.* at 4 (quotation omitted).  Instead, the "diatribe" portraying Gannon "as his chief antagonist" has nothing to do with any of the hiring decisions Coomes challenges. *Id.* at 5–6.  Republic contends that "Coomes fails to assert anywhere in his response, that, on the merits, his post-March 1, 2018, age discrimination claims survive Republic's motion to dismiss other than his litany of references to Gannon". *Id.* at 7.  Because he does not address these claims here, Republic again points the Court to the pending summary judgment filings. *Id.*

The Court agrees with Republic.  Coomes' EEOC Charge focused on discrete instances of age discrimination stemming from specified hiring decisions (*see* Filing No. 9-1 at 2 ("Since 2016, I have been continually denied positions in which I have applied for, such as AQP Manager, Chief Pilot, and Assistant Chief Pilot.")).  No "new evidence" discussed in Coomes' response brief converts this allegation into a claim of a pervasive hostile work environment—if anything, these "facts" illustrate an apparent feud between ostensibly rivaling employees (*see* Filing No. 65 at 6 (discussing how the quarreling escalated after Coomes allegedly "stole" Gannon's girlfriend)).

The Court **grants** Republic's Motion to Dismiss as it relates to the claims of age discrimination arising from actions that occurred before March 1, 2018, and—for the same reasons the Court has already held—they remain **dismissed with prejudice**.[2]

As for any claims arising after that date, the Court will address those allegations in the section below discussing Republic's Motion for Summary Judgment.  *See infra* Subsection III.B.

### 2.   Sex, gender, and sexual orientation discrimination pursuant to Title VII and any state law equivalent

Coomes alleges that he "was subject to a hostile work environment and discriminated against due to his . . . Gender[] and Sexual Orientation." (Filing No. 33 at 3.)

Republic argues, like in the similar age claim discussed above, that "Coomes' pre-November 1, 2017, Title VII claims of sex, gender and sexual orientation discrimination claims are untimely and should be dismissed, ***again, with prejudice***," because the statute of limitations for Title VII-based charges is 300 days and Coomes filed the EEOC Charge on August 28, 2018 (Filing No. 56 at 11 (citations omitted) (emphasis Republic's)).  While Republic again predicts that Coomes will argue that his allegations preceding that date are saved because he was subject to a

---

[2] The Court previously dismissed this claim with prejudice because "discrete acts of employment discrimination must fall within the relevant statute of limitations to be actionable" and "Coomes failed to preserve any discrimination claims for discrete acts that occurred more than 180 days before he filed his EEOC charge." (Filing No. 14 at 9.)

hostile work environment, this argument fails because Coomes presents no facts "that support the application of the continuing violation doctrine." *Id.* Moreover, timely claims fail because "Coomes' circular argument, stating that discovery will reveal the facts that support his claim, doom his sex, gender and sexual orientation discrimination claim." *Id.* at 13.

Simply put, Coomes has not pled "that Republic failed to hire or interview him for any position based upon his sex, gender (male) or his sexual orientation". *Id.* at 14. Because "Coomes' Second Amended Complaint asserts that men and individuals with varying sexual orientation obtained jobs and/or interviews instead of him," no amount of discovery can reveal discrimination based on his gender or sexual orientation. *Id.*

In response, Coomes argues that his "Title VII claims are not barred by the 300-day statute of limitation" for the same reason that the corresponding limitation does not apply to his age claim: he was subject to "a generalized hostile work environment" that was "continuous and ongoing" starting in January 2016 (Filing No. 65 at 3–4). Coomes contends that Gannon's actions "over such a sustained period of time . . . created a poisoned aura around [Coomes]." *Id.* at 6. As for the allegations themselves, Coomes argues that they survive dismissal because Gannon discriminated against him "due to" his sexual orientation after he, "a person of heterosexual nature," "stole"[3] Gannon's girlfriend in the later part of 2015. *Id.* at 7 (citing *Bostock v. Clayton Cty.*, 140 S.Ct. 1731 (2020)). In other words, "but for [Coomes'] sexual orientation, [ ] the outcome [would] have been different." *Id.* at 8 (citing *Bostock*, 140 S.Ct. at 1739). "Further discovery," Coomes concludes, will establish how his "gender and sexual orientation was the reason behind the discrimination perpetuated by Gannon." *Id.* at 8.

---

[3] Women, the Court notes, are not passive objects to "steal."

Republic replies that Coomes' "circular argument"—"that discovery will reveal the facts that support his claim"—cannot save the claim from dismissal (Filing No. 67 at 8). Importantly, Coomes did not plead in his Second Amended Complaint "that Republic failed to hire, or interview, him for any position based upon his sex/gender (male) or his sexual orientation" (heterosexual, according to his response brief). *Id.* at 9. And even taking the allegations at face value, they fail to track the contentions from the EEOC Charge when Coomes asserts that men of "varying sexual orientations" were hired over him. *Id.* at 9–10 (citing Filing No. 14 at 11).

The Court again agrees with Republic: the facts, as pled, demonstrate that neither Coomes' gender nor his sexual orientation prompted Republic's decision to interview or promote him, and, in fact, suggest that Republic hired *only* men of *various* sexual orientations (*see* Filing No. 33 at 3 ("[A]ll people hired were young *men* in their 20s and 30s *of varying sexual orientations*.") (emphases added)). That Gannon purportedly held a "grudge" against him for "stealing" his girlfriend (which Coomes could only do because of his "heterosexual nature"), then, is of no significance. Because Coomes has presented no good cause for the Court to reverse course on its prior holding, the law of the case doctrine applies. *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 710–11 (7th Cir. 2016) ("[O]nce a court has decided a particular issue in a case, the issue should not be reopened without good cause."). The Court **grants** Republic's motion as to these Title VII discrimination claims, and they remain **dismissed**.[4]

---

[4] The Court previously dismissed the claim *with prejudice* as it pertained to acts before November 1, 2017, and *without prejudice* for acts after that date (*see* Filing No. 14 at 11, 13–14). But because the Court has already counseled that it "is not inclined to grant leave for any further amendments" since Coomes has now "had two opportunities to amend his Complaint" (Filing No. 48 at 6), this claim, regardless of triggering dates, is now wholly dismissed with prejudice. *See Airborne Beepers & Video, Inc. v. A T & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (instructing courts to deny leave to amend for such reasons as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of [the] amendment").

### 3.    <u>State law negligent retention of Gannon</u>

Coomes' alleges that Republic "has known or 'should have known' that Pat Gannon has a reasonable propensity to injure members of the workforce" because the company has investigated him multiple times "for creating a hostile work environment, sexual harassment, and discrimination of protected classes." (Filing No. 33 at 4.) But, despite this, Republic "has negligently retained Pat Gannon as an employee." *Id.* at 5.

Republic argues that Coomes' negligent retention claim cannot survive because "[l]iability for negligent retention only arises where the employee's conduct creates an unreasonable risk of bodily harm or is in a manner dangerous to others." (Filing No. 56 at 18 (citing *Briggs v. Finley*, 631 N.E.2d 959, 966 (Ind. Ct. App. 1994)).) And though Republic predicts that Coomes will assert that "[i]f the servant is acting within the scope of his employment, the master may be vicariously liable under the principles of the law of Agency," *id.* (citing Restatement Second of Torts § 317), agency principles do not apply when courts must instead "'determine if the employer exercised reasonable care in hiring, supervising, or retaining an employee,'" *id.* (citing *Hansen v. Board of Trustees of Hamilton Southeastern School Corp.*, 551 F.3d 599, 609 (7th Cir. 2008)).  Republic concludes that "Coomes failed to allege, and cannot allege, that Republic authorized Gannon to engage in harassing behavior or that the same stood foreseeable, or actuated on an intent to serve Republic." *Id.* at 19 (citing *Ripberger v. Western Ohio Pizza, Inc.*, 908 F.Supp. 614, 623 (S.D. Ind. 1995) (holding, as summarized by Republic "that the employer could not be liable, even though the supervisor's conduct was sufficiently hostile to constitute sexual harassment, because the type of conduct the supervisor engaged in was not authorized, appropriate, foreseeable, or actuated by an intent to serve the employer")).

Coomes responds that Republic owed him a duty "to not retain employees that are known to cause harm to other employees." (Filing No. 65 at 9.) He contends that Republic had "sure

knowledge of [Gannon's] consistently harmful behavior towards other employees as a result of the internal investigations," thus it negligently retained Gannon. *Id.*[5] Moreover, Coomes contends that Republic "misstates a requirement for claims under this tort to include a reasonable risk of bodily harm." *Id.* at 10. According to Coomes, the question instead is "whether [an employer] should have foreseen that [an employee] posed a danger to its customers and whether it breached its duty . . . by retaining [the employee] in its employment" when his "competence and stability were at least occasionally impaired by alcohol abuse." *Id.* (citing *Frye v. Am. Painting Co.*, 642 N.E.2d 995 (Ind. Ct. App. 1994)). Here, Republic "was on notice of Gannon's substance abuse issues" and "had multiple reports of behavior so horrific, [that it] had to call in outside counsel to investigate." *Id.* at 10–11. And while Coomes acknowledges that "negligent retention of Gannon was not specifically mentioned in the EEOC charge, even limited discovery has shown this claim would have risen out of the EEOC charge." *Id.* at 11 (citing *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) ("The Court will recognize the claims that are 'like or reasonably related to the allegations of the charge and growing out of the allegations.'")).

Republic replies that while "Indiana recognizes a cause of action against employers for negligent hiring, supervision, or retention," (Filing No. 67 at 10 (citing *Hansen*, 551 F.3d at 609)), these claims "only arise where the employee's conduct creates an unreasonable risk of bodily harm or occurs in a manner dangerous to others, *id.* at 11 (citing *Hayden v. Franciscan All., Inc.*, 131 N.E.3d 685, 693 (Ind. Ct. App. 2019), *trans. denied*). Even "evidence of Gannon's alleged prior bad acts" do not meet this standard: none of his conduct was physically threatening or dangerous

---

[5] As part of the new "facts" found during discovery that should purportedly cause this Court to reconsider its prior entry (Filing No. 14), Coomes points to a disciplinary letter involving Gannon's "longtime friend and right-hand man." (Filing No. 65 at 9–10.) But even if the conduct described in the letter was a "'lite' version of what Gannon" did, the Court finds this document irrelevant to evaluate allegations involving Gannon's conduct contained in the Second Amended Complaint.

and "Coomes did not suffer, nor did he allege, any actual bodily harm or dangerousness." *Id.* at 11–12.

The Court agrees with Republic. To the extent Indiana courts recognize negligent hiring and retention of an employee, they have adopted the Restatement (Second) of Torts section 317, which provides that a "master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment *as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them …*." *Hayden*, 131 N.E.3d at 693 (emphasis added). Coomes attempts to analogize his case to *Frye v. Am. Painting*. In *Frye*, the purportedly negligently retained employee, a painter, "committed a burglary, theft, and arson, in the apartment of his former girlfriend" before burglarizing and setting fire to a customer's home that he had cased while on the job. 642 N.E.2d at 997. The Indiana Court of Appeals ultimately held that the pivotal question turned on "the employer's actual or constructive knowledge of the employee's propensity to commit a later *act of violence*." *Id.* at 999 (emphasis added). This, of course, comports with the Restatement's instruction in Section 317 that an employer should exercise reasonable care to prevent an employee "from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm." *See Hayden*, 131 N.E.3d at 693.

Again, Coomes has not alleged that Republic knew or should have known that Gannon would intentionally harm others or that he would conduct himself in such a manner as to create an unreasonable risk of bodily harm, nor does he point to any purported physical harm incurred. *Compare Treat v. Tom Kelley Buick Pontiac GMC, Inc.*, 710 F. Supp. 2d 777, 806 (N.D. Ind. 2010), *aff'd*, 646 F.3d 487 (7th Cir. 2011) (granting summary judgment on negligent retention claim when plaintiff "was not subject to any sort of 'bodily harm' and she does not even make any

allegations of that sort"), *with Grzan v. Charter Hosp. of Nw. Indiana*, 702 N.E.2d 786, 789, 793 (Ind. Ct. App. 1998) (reversing and remanding summary judgment on claim for negligent retention when plaintiff was subjected to hugging, kissing, fondling and oral sex by a mental health counselor).

Accordingly, the Court **grants** Republic's motion to dismiss as it relates to the negligent retention claim, and this claim remains **dismissed with prejudice** (*see* Filing No. 14 at 7).[6]

### 4. Retaliation pursuant to Title VII and any state law equivalent

To state a claim for Title VII retaliation, a plaintiff must allege: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) that there is a causal link between the two. *Alamo v. Bliss*, 864 F.3d 541, 555 (7th Cir. 2017). Coomes alleges that because he filed his EEOC Charge, filed this lawsuit, and assisted a coworker with a complaint that fell under the EEOC and Title VII (all purportedly protected activities), Republic retaliated against him. That retaliation consisted of his termination (on February 26, 2020) and his girlfriend's termination (in October 2018), blocking or interfering with his ability to set union duty days and schedule flight dates, and requiring him to use workers' compensation leave (all purportedly adverse employment actions) (Filing No. 33 at 5–7).

Republic argues that Coomes' retaliation claims fail because "they exceed the scope of the EEOC Charge." (Filing No. 56 at 20.) Even though plaintiffs can "bring claims that are 'like or reasonably related' to the EEOC charge such that they 'can be reasonably expected to grow out of an EEOC investigation of the charges,'" *id.* at 21 (citing *Cervantes v. Ardagh Group*, 914 F.3d 560, 565 (7th Cir. 2019), Coomes cannot bring these retaliation claims absent from the EEOC Charge

---

[6] The Court previously dismissed this claim with prejudice because it was "not related to the facts set out in Coomes' EEOC Charge." (Filing No. 14 at 7.) While still true, the Court found it prudent to address the additional arguments concerning the substance of the claim.

when "retaliation claims are not considered to be reasonably related to discrimination claims," *id.* (citing *Cervantes*, 914 F.3d at 565).  In particular, "Coomes listed sex and age but not retaliation as the basis of Defendant's discrimination against him" but "[n]owhere in the EEOC Charge did Coomes mention the word retaliation, nor did he mention a complaint of discrimination that he made or to whom." *Id.* at 22.

In addition, Republic argues the claims "fail to state actionable claims for retaliation." *Id.* at 20.  Specifically, (1) "the terminating of a girlfriend" is not an adverse employment action against Coomes, (2) the timing of Coomes' firing "fails to create a causal connection between the alleged protected activity and Coomes' termination," and (3) "the other alleged adverse employment actions … stand preempted by the" Railway Labor Act ("RLA"). *Id.* at 20–21. Republic points out that "Coomes' girlfriend, not Coomes, potentially suffered a materially adverse employment action via the girlfriend's termination."  *Id.* at 23 (citing *Montone v. Jersey City*, 709 F.3d 181, 197 (3d Cir. 2013) ("Third parties may bring viable Title VII retaliation claims when ***they*** suffer retaliation based 'on the protected conduct of another individual.'") (emphasis Republic's)). Second, Republic argue that Coomes—like a plaintiff who failed to plead a *prima facie* case of retaliation—"'provides no facts that would lead the Court to reasonably conclude what conduct by [Republic] was linked to his filing of [the EEOC Charge, this lawsuit and nondescript assistance of another with an EEOC charge].'" *Id.* at 25 (quoting *Williams v. SAIC*, No. 1:14-CV-01749-TWP, 2015 WL 1865930, at *4 (S.D. Ind. Apr. 23, 2015)). Third, because "[t]he RLA governs collective bargaining agreements in the railroad and airline industries," Coomes' retaliation claims about Schedule Adjustment Periods, union days, and worker's compensation—i.e., those retaliation claims not about his or his girlfriend's terminations—are preempted (and require arbitration) when their resolution "depends entirely upon the interpretation

of the relevant provisions in the collectively bargaining agreement between Republic and [Coomes'] pilot's union." *Id.* at 26–31.

Coomes responds that because he filed his EEOC Charge, Republic "engaged in a course of conduct to retaliate and otherwise punish" him (Filing No. 65 at 12). And despite Republic arguing no nexus connected his protected activity from any adverse employment action, Coomes was terminated a few days after helping a colleague "establish and file a claim of discrimination under Title VII with the EEOC and request a settlement from the company." *Id.* at 12–13. Indeed, Republic "wrote him a letter telling him he was fired for representing that colleague." *Id.* at 13 (citing Filing No. 63-9). In any event, the RLA's dispute settling process is an inappropriate means for resolution of these claims "because the issue here is not for the Court to resolve the specific instances of retaliation, but to examine the acts as a whole." *Id.*

In reply, Republic reasserts many of its earlier argued points: (1) the retaliation claims exceed the scope of the EEOC Charge, (2) they fail to state actionable claims for numerous reasons, and (3) some of the alleged adverse employment actions are preempted by the RLA (Filing No. 67 at 13–14). First, Republic notes that Coomes' response "fails to dispute that nowhere in the EEOC Charge did Coomes mention the word retaliation." *Id.* at 14. "Additionally," Republic contends, Coomes' "termination occurred . . . almost a year and a half after the EEOC issued the Notice of Rights[,] . . . [so] it could not have been included in the EEOC Charge." *Id.* at 14–15. Second, the termination of Coomes' girlfriend was not an adverse action against him, Coomes has failed to plead a causal relationship between his termination and any protected activity, and the RLA preempts the other purportedly retaliatory actions (interference with or denial of Schedule Adjustment Periods and union days and forced use of "Workmen's Compensation"). *Id.* at 18–19.

The Court is not persuaded by Republic's argument that the retaliation claims fatally exceed the scope of Coomes' EEOC Charge. To be sure, a plaintiff can generally "only bring claims under Title VII … that he has included in the original charge filed with the" EEOC. *Cervantes*, 914 F.3d at 564 (citing *Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003)). The only exception to this rule "applies to claims that are 'like or reasonably related' to the EEOC charge, and can be reasonably expected to grow out of an EEOC investigation of the charges." *Sitar*, 344 F.3d at 726 (citing *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc)). To be reasonably related, in this context, claims must "'describe the same circumstances and participants.'" *Cervantes*, 914 F.3d at 565 (quoting *Conner v. Illinois Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005)). Ordinarily, "a retaliation charge [is not] reasonably related to a discrimination claim." *Id.* But in cases "where the alleged retaliation arose *after* the charge of discrimination had been filed," the Seventh Circuit has instructed that requiring an additional EEOC Charge "'would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII.'" *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 545 n.2 (7th Cir. 1988) (quoting *Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir. 1981)). Though Coomes' EEOC Charge left unchecked the box that would declare that his "discrimination [was] based on . . . retaliation" and only indicated that purported discrimination was based on his "sex" and "age" (Filing No. 9-1 at 2), his Second Amended Complaint describes retaliatory conduct triggered by the filing of the EEOC Charge and this lawsuit and the later provision of assistance to a colleague with an EEOC Charge (*see* Filing No. 33 at 5, 7). Because, "[o]f course, an employee is not required to file a separate EEOC charge alleging retaliation when the retaliation occurs in response to the filing of the original EEOC charge," *Gawley v. Indiana Univ.*, 276 F.3d 301, 314 (7th Cir. 2001), these retaliation claims need

not be discarded because they were not included in the EEOC Charge, *see also Steffen*, 859 F.2d at 545 n.2 (determining that no second EEOC Charge was necessary when "the alleged retaliation arose *after* the charge of discrimination").

The Court will address those claims.  First, an "employer's adverse action taken against [a] third party is retaliation against [an] employee, not [the] third party." *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 641 (7th Cir. 2015) (summarizing *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170 (2011)).  Because "Title VII's antiretaliation provision must be construed to cover a broad range of employer conduct," *Thompson*, 562 U.S. at 173, "the pertinent inquiry is whether an employer has acted in a way that 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination,'" *Porter v. City of Chicago*, 700 F.3d 944, 957 (7th Cir. 2012) (quoting *Thompson*, 562 U.S. at 174 (citation omitted)).  Terminating a significant other surely meets this threshold.

Second, though Republic contends that Coomes has failed to show any causal connection between his termination and any protected activity (*see* Filing No. 56 at 24–26; Filing No. 67 at 16–18), Coomes explains that he "was terminated a few days" after helping a colleague "establish and file a claim of discrimination under Title VII and the EEOC," (Filing No. 65 at 12–13), which represents a protected act, *see* 42 U.S.C. § 2000e-3 (forbidding an employer from discriminating "against any of his employees . . . because he has made a charge, testified, *assisted*, *or participated in any manner* in an investigation, proceeding, or hearing under this subchapter") (emphasis added); *see also Eichman v. Indiana State Univ. Bd. of Trustees*, 597 F.2d 1104, 1107 (7th Cir. 1979) (holding that a plaintiff who "alleged that he assisted a woman who was trying to exercise her Title VII rights to retain her job and that his discharge was in retaliation for that assistance" could state his own retaliation claim under Title VII).  And it does not strain credulity to surmise

20

that Republic could have viewed this deed—the protected act of helping a coworker with an EEOC claim—as the proverbial straw that broke the camel's back when Coomes had already filed his own EEOC Charge and this lawsuit. Indeed, Republic states that it "advised Coomes of the consequences should he decide to accept legal representation of individuals in matters adverse to [Republic]—that consequence being termination." (Filing No. 67 at 17.)

Finally, the Court determines that Republic's assertion of RLA preemption as to Schedule Adjustment Periods, union days, and Workmen's Compensation misses the mark: Coomes does not list these so-called "minor disputes" as independent grievances that should be perhaps be resolved through the arbitral process under the RLA. Instead, he advances them as adverse employment actions taken as retaliation for his engaging in protected activity. This is a distinction with a difference: adverse employment actions "might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, *a material loss of benefits*, significantly diminished material responsibilities, *or other indices that might be unique to a particular situation*." *Ribando v. United Airlines, Inc.*, 200 F.3d 507, 511 (7th Cir. 1999) (emphases added); *see also Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998) ("A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or *a decision causing a significant change in benefits*.") (emphasis added). In his Second Amended Complaint, Coomes adequately pleads that interference with or denial of Schedule Adjustment Periods and union days and forced use of "Workmen's Compensation" represent adverse employment actions in this "particular situation." *See Ribando*, 200 F.3d at 511. In short, as these acts are held out as foundational elements of Coomes' retaliation claim as adverse employment actions, not as freestanding claims asserting rights under an agreement, the RLA is inapplicable here.

For the preceding reasons, the Court **denies** Republic's Motion to Dismiss as it relates to Coomes' Title VII retaliation claims.  So, Coomes' First (insomuch as it asserts a retaliation claim), Third, Fourth, Sixth, and Seventh claims survive dismissal.

### 5.        State law claim of union activity retaliation

Coomes alleges that he was "engaged in a statutorily protected activity by acting in his capacity" as a Steward and General Counsel for his unions, as well as was "actively campaigning to be elected as the President of the Union." (Filing No. 33 at 6, 7.) Because of these "protected union activities," Coomes alleges that Republic "repeatedly subjected [him] to discipline," and, among other adverse employment actions, "terminated" him. *Id.*

Republic argues that "Coomes fails to assert the alleged statute or case law that protects his" purportedly protected union activities (Filing No. 56 at 32). Republic speculates that Coomes brings his claim under provisions of the RLA that "applies to the process of collective bargaining"—not acting as a Steward or general counsel or campaigning for union president. *Id.* at 33. These asserted claims "do not complain that Republic refused to settle disputes" and instead are preempted by the RLA. *Id.* at 33–34. In response, Coomes argues that Republic retaliated against him for "statutorily protected activity." (Filing No. 65 at 14.) Namely, Coomes urges that not only did Republic retaliate against him "for his Union activities [as a Steward and as General Counsel], but also to prevent him from the ability to run for Union office." *Id.* In reply, Republic argues that "Coomes fails to assert the alleged statute or case law that protects his Union activities or give rise to his Union activities retaliation claims." (Filing No. 67 at 19.) Since its brief on the motion to dismiss "stands undisputed," Republic argues that these claims should be dismissed with prejudice. *Id.*

The Court must agree.  Coomes baldly asserts that his actions were "statutorily protected," yet cites no statute (or case law) in support. "[W]hen presented with a motion to dismiss, the non-

moving party must proffer some legal basis to support his cause of action." *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995). Although a district court must consider whether a plaintiff could prevail under any legal theory or set of facts, *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 421 (7th Cir. 1994), it "will not invent legal arguments for litigants," *Stransky*, 51 F.3d at 1335, and is "not obliged to accept as true legal conclusions or unsupported conclusions of fact," *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002); *see also Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."). Because he does not provide any legal basis in support of his union-activity retaliation allegations in his response brief—and instead wholly relies on bare conclusory statements—Coomes has waived pursuit of these claims. *See Cty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006), *as amended* (Apr. 11, 2006) (affirming dismissal after district court "decided the motion based on a record that contained no legal support or analysis from" plaintiff).

For the preceding reasons, the Court **grants** Republic's Motion as it relates to Coomes' union activity retaliation claims, and they are **dismissed with prejudice**.

## B.   Republic's Motion for Summary Judgment

In his Second Amended Complaint, Coomes alleges that he was "discriminated against due to his Age." (Filing No. 33 at 3.) In a prior Entry, the Court denied Republic's motion to dismiss this claim—as it pertained to actions after March 1, 2018—because Coomes met the "low bar" of alleging "facts that create an inference that he suffered an adverse employment action because of his membership in a protected class." (Filing No. 14 at 10.) Republic now, following discovery on the claim, moves for summary judgment, arguing that "the undisputed material facts establish the

propriety of the same and there remain no genuine issues of material fact." (Filing No. 51 at 1.) The Court will first relay the additional facts discovered by the parties relating to this specific claim before addressing the parties' arguments.

### 1.    <u>Additional Facts</u>

Coomes—who was born in 1967—worked for Republic (or its subsidiaries) from 2013 to 2020, holding the position of Captain at the time of his termination (Filing No. 9-1; Filing No. 33). Coomes previously served as "Manager, AQP" at two Republic subsidiaries, however, he relinquished that management position and voluntarily "returned to the line" as a pilot in January 2017 (Filing No. 52-3 at 39; Filing No. 52-2 at 3). According to Coomes, he returned to a pilot position before the subsidiaries were merged into Republic because Republic (1) could not tell him what his role (in management) would be post-merger, (2) would not commit to a pay raise for him post-merger, (3) would not commit to a retroactive pay raise for him post-merger, and (4) did not, after the merger took place, provide him what he wanted in terms of pay and commitments (Filing No. 52-3 at 39). While discussing these requests with Paul Kinstedt ("Kinstedt"), Republic's Vice President and Chief Administrative Officer, Coomes indicated that Kinstedt was not meeting his expectations (Filing No. 52-3 at 42). In particular, Coomes made numerous ultimatums and demands of the company, did not present a professional approach, and left a poor impression on Kinstedt with regards to his ability to operate in management and as a team player at the Company. (Filing No. 52-2 at 3).

Coomes contends that, after he relinquished his Manager, AQP position, he was passed over for various other positions at Republic due to his age (Filing No. 33 at 3). Specifically, Republic failed to hire him for the following positions because of his age: (a) Managing Director, Flight Operations position, (b) Chief Pilot; (c) various Assistant Chief Pilot positions; (d) Manager

24

of Flight Operations; (e) Program Manager; and (f) various Simulator Instructor positions. The Court will discuss the facts surrounding these positions in turn.

### a.   Managing Director, Flight Operations

After eliminating a similar role (which had been held by Gannon), Republic created a new position titled "Managing Director, Flight Operations" in 2019.  (Filing No. 52-2 at 3–4.)  Though Coomes asked to be considered for the role, Republic promoted Michael Dee—who was born in 1973—to the position instead (Filing No. 52-3 at 67; Filing No. 52-2 at 4). Kinstedt (the hiring decisionmaker who had dealt with Coomes previously about his requests post-subsidiary merger) decided to promote Dee because of Dee's (1) seventeen-year experience with Republic in a variety of roles, including Pilot, Captain, Line and Simulator Check Airman, Aircrew Program Designee, and Director of Crew Training, (2) leadership and labor experience, and (3) reputational respect and efficiency (Filing No. 52-2 at 4). On the other hand, Kindstedt did not consider Coomes for the position because of their prior interactions.  *Id.*

### b.   Chief Pilot

Ashley Gomez ("Gomez") was promoted to Coomes' sought-after position of "Chief Pilot" for Republic in 2017 (Filing No. 52-6 at 2). Gannon made this decision (Filing No. 52-3 at 56).

### c.   Assistant Chief Pilot

Coomes sought four Assistant Chief Pilot ("ACP") positions, based in Miami, Florida (eventually filled in November/December 2016), Indianapolis, Indiana (filled in 2017), Chicago, Illinois (filled in mid-2017), and Houston, Texas (filled in 2019) (Filing No. 52-3 at 9).  Gomez made the hiring decisions for these positions but advised Gannon of her selections (Filing No. 52-6 at 2–3).  Describing the ACP hiring process, Gomez explained that she would "post a memo" under which pilots would apply, review resumes, and then conduct either one or two rounds of

interviews (Filing No. 52-5 at 21). Gomez—like Kindstedt—did not consider Coomes for any of the positions due to a prior interaction she had with him: at one point, when the two were discussing data to be submitted to the Federal Aviation Administration, Coomes said something to the effect of "I will do what I need to do to make it look good. I will make the data look good for it to get approved." (Filing No. 52-6 at 3–4.)  This statement put Gomez on guard about Coomes, and she lost trust for him.  *Id.* at 3.  Ultimately, Gomez did not believe Coomes was qualified for an ACP position because she did not find him to be honest.  *Id.* at 4.

### d.  <u>Manager of Flight Operations</u>

At some point in 2017, Republic hired Christian Reid for Coomes' desired role of "Manager of Flight Operations." (Filing No. 52-3 at 45–46.)

### e.  <u>Program Manager</u>

At some point in 2017, Republic hired Anthony David Bjork for the "Program Manager" role wanted by Coomes.  *Id.* at 47–48.

### f.  <u>Simulator Instructor</u>

In spring 2018, Republic chose numerous individuals, of various ages (including those older than Coomes), to fill Simulator Instructor positions after posting the position in a memorandum and reviewing submitted resumes (Filing No. 52-7 at 27–28).  To choose who would fill the Simulator Instructor roles, a manager at Republic put all the applicant names into an excel spreadsheet, and then polled dozens of individuals internally for input, with a "yes" or "no" response and the option to provide comments (Filing No. 52-8 at 16).  Notably, Coomes' score using this system placed him 123rd out of 126 applicants, without Gannon providing him any rating or review (Filing No. 52-10 at 2).  To choose who to interview, a management team at Republic would provide input, with the team ordinarily reaching a consensus on candidates (Filing

No. 52-8 at 25). Gannon, again, did not provide any input on Coomes at this stage.  *Id.* at 28.  And though individuals higher in management could notionally veto decisions, this has never occurred (Filing No. 52-9 at 19).

>    2.    **Analysis**

Republic contends that Coomes' age discrimination claims fail for primarily two reasons: (1) the EEOC Charge controls the scope of his claim, and (2) no genuine issue of material fact exists that would allow Coomes' claims to succeed (*see* Filing No. 52 at 12). The Court will discuss these arguments in turn.

>    a.    **EEOC Charge**

>    i.    **Statute of Limitations**

Republic argues that, because the Court has already determined that any allegation preceding March 1, 2018, is time-barred, Coomes' claims about the positions filled before that date—the "Miami ACP position (filled in November/December 2016), Indianapolis ACP position (filled in 2017), Chicago ACP position (filled in mid-2017), Chief Pilot position (filled on February 16, 2017), Manager of Flight Operations position (filled in 2017), and Program Manager position (filled in 2017)"—must fail. *Id.* at 13. In fact, Republic contends, these claims have *already* been dismissed with prejudice, and the Court should not depart from the law of the case doctrine when Coomes has provided no reason to do so. *Id.* (citing *Tice v. Am. Airlines, Inc.*, 373 F.3d 851, 853 (7th Cir. 2004) ("[A] ruling made in an earlier phase of a litigation controls the later phases unless a good reason is shown to depart from it.").

Coomes does not respond to this argument. Noting this conspicuous silence, "Republic does not include further arguments on that topic in [its] Reply." (Filing No. 66 at 5.) The Court agrees with Republic's argument: Coomes' age discrimination claims related to the Miami,

Indianapolis, and Chicago ACP positions, the Chief Pilot position, the Manager of Flight Operations position, and the Program Manager position fail on statute of limitations grounds because they were all filled before the pertinent 180-day cutoff, and Coomes has provided no reason for the Court to deviate from the law of the case doctrine to overturn its prior decision that claims predating March 1, 2018 are time-barred (*see* Filing No. 14 at 9).

## ii.  Scope of Charge

Republic also contends that because it "filled the Managing Director, Flight Operations position and the Houston ACP position in 2019"—*after* Coomes filed his EEOC Charge (on August 28, 2018) and *after* the EEOC issued the Dismissal and Notice of Rights (on September 7, 2018)—the claims could not "be expected to have grown out of the EEOC's investigation of Coomes' EEOC Charge" and should be dismissed (Filing No. 52 at 14.) Again, Coomes does not respond to this argument, and so Republic again does not spill ink in reply (*see* Filing No. 66 at 5). And again, the Court agrees with Republic. As the Court discussed above, the only exception to the rule that all claims must be included in an EEOC Charge occurs when a claim is reasonably related to a claim within the Charge, meaning that it "can reasonably be expected to grow out of an investigation of the allegations in the charge." *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000). As these positions were filled after the EEOC Charge was both filed and resolved, any investigation about included claims could not have unearthed these later claims. And unlike the permissible retaliation claims purportedly springing from, among other things, the EEOC Charge's filing, these are distinct accusations of discrimination unrelated to that protected

activity. Accordingly, because the Managing Director, Flight Operations and Houston ACP positions are temporally outside the scope of the EEOC Charge, they cannot survive.

The purging of allegations involving these roles, together with those related to the positions eliminated above, leaves only a position as a Simulator Instructor (all filled in spring 2018) as the sole remaining potential role for which Coomes can claim age discrimination.

### b.   No genuine issue of fact

Republic contends that a reasonable factfinder could not "conclude that but for his age, [Coomes] would have been hired by Republic" for a Simulator Instructor position (Filing No. 52 at 15). First, to do so under the *McDonnell Douglas* framework, Coomes must show that "(1) he is a member of a protected class; (2) he applied for and was qualified for an open position; (3) despite his qualifications, he was rejected for the position; and, (4) a similarly situated person outside his protected class was hired for the position." *Id.* at 16 (citing *Oliver v. Joint Logistics Managers, Inc.*, 893 F.3d 408, 413 (7th Cir. 2018)). If he can establish this *prima facie* case, Republic would need to point to "a legitimate, nondiscriminatory reason for [its] decision not to hire the plaintiff." *Id.* And if it succeeds, the onus would fall on Coomes "to submit evidence that the employer's explanation is pretextual." *Id.* Although Coomes points to Gannon "as his chief antagonist," Republic contends that Coomes does not "point to any evidence that Gannon acted because of Coomes' age." *Id.* at 17. In addition, "Gannon was one of dozens of individuals providing input, he did not make the final decisions, nor did he over-rule any of the final decisions." *Id.* Republic notes that it "hired individuals older than . . . , younger than[,] and close in age (within ten (10) years) . . . to Coomes to fill these positions." *Id.* at 20. This, contends Republic, gives "rise to an inference that Republic hires individuals of varying ages and does not exclude people because of age." *Id.* Indeed, the "rigorous process" that Republic used to select

29

individuals for the position belies that age played a role in the decision-making process. *Id.* at 20–21.

Republic further contends that Coomes' argument "fails to 'eliminate other possible explanatory variables, such as differing roles, performance histories, or decision-making personnel, which helps isolate the critical independent variable—discriminatory animus.'" *Id.* at 21 (quoting *Coleman v. Donahoe*, 667 F.3d 835, 846 (7th Cir. 2012)). Moreover, even if Coomes could make out an age discrimination case, he cannot establish pretext for the decision as Coomes has not pointed to any admissible evidence demonstrating pretext with regards to the interview or hiring decisions. *Id.* at 21–22. Finally, even though Coomes "may alternatively present evidence that, considered as a whole, would allow a reasonable fact-finder (the judge here) to conclude that he was discriminated against," he cannot do so when he cannot overcome "legitimate, non-discriminatory reasons for Republic's employment decisions." *Id.* at 22–23.

In response,[7] Coomes argues that "Gannon discriminated against Plaintiff beginning in January 2016 and it continued through his termination and beyond" and "was the boss of everyone making hiring decisions about Plaintiff." (Filing No. 63 at 4.) Indeed, "Gannon is known to have a temper and hold a grudge," so "[i]t would be extremely unusual for employees to act counter to the wishes of their boss when that boss has made his dislike for a candidate very clear." *Id.* at 5. Moreover, through various unsavory acts, Gannon has established himself "as a serial harasser or bad actor in discrimination claims." *Id.* Coomes contends that any explanation for the failure to receive the job is pre-textual, because he "has shown his claims [ ] are rooted in Gannon's discrimination and his poisoning of the remaining decision makers because of his discriminatory

---

[7] Coomes attached to an initial response brief (Filing No. 62) a "Motion for More Time Due to Technical Error," (Filing No. 62-1). As the "error message regarding attachments" was ostensibly resolved with a subsequent filing that same day (*see* Filing No. 63 and attachments), the Court **denies** this motion as moot.

behavior towards" Coomes." *Id.* at 7–8. Shifting focus away from Gannon, Coomes also contends that the selection process "is flawed at the institutional level," leading to disparate impact on individuals, like Coomes, who are over 40 years old.  *Id.* at 8–9.  Because "[t]he selection process for instructors is a rigged voting system where people who look alike vote in others who look just like them[,] . . . almost no women, one minority, and very few people over 40 years of age mak[e] it through this process." *Id.* at 9. Finally, Coomes argues that he was terminated for helping "a colleague to establish and file a claim of discrimination under Title VII with the EEOC and request a settlement from the company." *Id.* at 10.

In reply, Republic argues that "Coomes, for the first time, presents his ADEA age discrimination claim related to Republic's spring 2018 hiring of Simulator Instructors under a disparate impact theory." (Filing No. 66 at 6.) This argument fails, however, because "(1) Coomes failed to raise this claim in his EEOC charge; (2) Coomes fails to identify a policy of Republic forming the basis of this claim; and (3) Coomes fails to present statistical evidence in support of this claim."  *Id.*  First, "[a] disparate impact ADEA claim does not reasonably relate to the factual allegations in Coomes' EEOC Charge."  *Id.*  Second, because a plaintiff pursuing a disparate impact claim must establish a *prima facie* case by showing "that a 'specific, facially neutral employment practice caused a significantly disproportionate adverse impact based on age' and 'proffer statistical evidence that the policy caused a significant age-based disparity,'" *id.* at 7 (quoting *Carson v. Lake Cty., Indiana*, 865 F.3d 526, 536 (7th Cir. 2017)), the claim must fail when "Coomes points to no policy or statistical evidence [in] support," *id.* Coomes' "supposition and innuendo" also "ignores

the fact that people over 40 years of age did in fact make it through the process" and provides "no evidence on the makeup of the applicant pool, or the pool of pilots in general." *Id.* at 8.

Finally, even if Gannon influenced hiring decisions (and Republic contends that he did not), "Coomes fails to point to any evidence that Gannon acted because of Coomes' age." *Id.* at 9. Republic argues that Gannon was one of dozens of individuals providing input" on the Simulator Instructor hiring, and "he did not make the final decisions, nor did he over-rule any of the final decisions." *Id.* In sum, Coomes' "claim lacks merit because the evidence, when considered as a whole, would not allow a reasonable fact-finder (the judge) to conclude that the Company discriminated against him because of his age." *Id.* at 10. Lastly, to the extent Coomes contends that his termination is related to this claim, this purportedly adverse employment action is tied to his retaliation claims, and his contentions related to age discrimination solely relate to Republic's failing to hire him for various positions. *Id.* at 10–11.

The Court agrees with Republic. "[S]ummary judgment is the put-up-or-shut-up moment in a lawsuit." *Pack v. Middlebury Cmty. Sch.*, No. 20-1912, 2021 WL 915911, at *8 (7th Cir. Mar. 10, 2021). Though Coomes' claim cleared the "low bar" required of it at the motion to dismiss phase, it fails to stick the landing on summary judgment: Coomes has provided no evidence that age played a role in the decision to not hire him for a Simulator Instructor position. Coomes largely blames Gannon's purported animosity toward him for his failure to receive the job, but Gannon's seeming dislike for Coomes stemmed, apparently, from personal disagreements, not because of Coomes' age.  And, in any event, the evidence demonstrates that Gannon abstained from weighing in on Coomes' suitability for the job and that Coomes was very near the bottom of the ranked applicant pool. Coomes fleetingly argues that the selection process for the position was institutionally flawed—leading to a disparate impact on individuals over the age of 40—but this

argument exceeds the scope of his EEOC Charge. *See Adams v. City of Indianapolis*, 742 F.3d 720, 732 (7th Cir. 2014) (discussing dismissal of claims like Coomes' in cases that "involved extremely vague EEOC charges that did not suggest disparate-impact claims at all"). In addition, this contention has not been supported by any statistical evidence provided from Coomes. *See Carson*, 865 F.3d at 536 ("[T]o state a claim for disparate impact[,] . . . [p]laintiffs would have to proffer statistical evidence that the policy caused a significant age-based disparity, which they have not done.") (quotation omitted). In actuality, multiple individuals around Coomes' age (and older) were hired for the roles. Finally, because Coomes' non-sequiturial reference to his termination is impertinent to his ADEA claims and instead is only relevant to his contentions involving retaliation, the Court need not evaluate any nexus between his firing and any purported age discrimination.

For the preceding reasons, the Court **grants** Republic's Motion (Filing No. 51) and enters summary judgment in favor of Republic and against Coomes on his remaining failure to hire ADEA claims.

### 3.    Coomes' Embedded Rule 37 Motion to Compel/Rule 56(d) Request for Additional Discovery

Finally, despite Local Rule 7-1 plainly instructing that "[a] motion must not be contained within a brief, response, or reply to a previously filed motion", Coomes asked in his response brief (titled "Memo in Opposition to Defendant's Motion for Summary Judg[]ment and Request for Further Discovery") for the Court to order Republic to hand over all "requested discovery regarding Pat Gannon, his employment history, disciplinary history, communications surrounding his employment, his communications regarding Plaintiff, and a disciplinary report regarding Gannon's misbehavior." (Filing No. 63 at 10, 12.) Coomes contends this "relevant discovery" should be tendered, because depositions "showed a clear nexus to Gannon for the discrimination

claim and subsequent treatment of Plaintiff." *Id.* at 12. He argues the "refusal to turn over the relevant discovery regarding Gannon," has "handicapped" his ability to answer Republic's Motion for Summary Judgment. *Id.*

Republic, after providing a detailed history of the discovery dispute (*see* Filing No. 66 at 11–13), argues that Coomes' "continued pursuit of the Gannon discovery does not seek relevant information for the purpose of his remaining age discrimination claims, presents the already rejected claim by Coomes that he may pursue his age discrimination claim under a continuing wrong theory, and is late," *id.* at 13–14. Under Rule 37, "Coomes fails to identify a single document that he contends Republic withheld and fails to provide any specificity regarding which discovery requests he seeks supplementation by Republic." *Id.* at 14–15. In fact, "Republic disagrees that Coomes' questioning [during the referenced depositions] created any relevance of the Gannon discovery to Coomes' remaining age discrimination claims." *Id.* at 15. And despite painting Gannon as his "chief antagonist," Coomes has failed to show that he "or anyone else acted because of Coomes' age when making hiring decisions." *Id.* at 16. And, in any event, Gannon held no authority in the hiring decision of the position at issue. *Id.* at 17. Altogether, "the evidence that Coomes seeks related to Gannon in this lawsuit holds no relevance to his remaining age discrimination claims and as a result is not proper discovery in this case." *Id.* Moreover, "Coomes has not demonstrated any undue prejudice arising from these discovery issues." *Id.* Second, under Rule 56(d), "Coomes fails to specifically identify 'the requested discovery,' as is required. *Id.* at 18. On top of delay, this vague request does present a reason for the Court to now order additional discovery for facts that have no relevance on the claims. *Id.* Coomes has not affirmatively demonstrated why he cannot fully respond to Republic's motion—and in fact did so reply—"this

Court should not be persuaded that the additional vaguely outlined discovery Plaintiff seeks will give rise to a genuine dispute of material fact." *Id.* at 19.

The Court agrees with Republic.  On top of flouting Local Rule 7-1 and the established discovery schedule, Coomes, as the Court has discussed at length above, has not established that Gannon (or anyone else for that matter) acted discriminatorily against him because of his age when making hiring decisions. Indeed, Gannon was not involved in the process of evaluating Coomes for hiring at all. Accordingly, the requested discovery related to Gannon, his employment and disciplinary history and reports, communications surrounding his employment, and his communications about Coomes are not relevant, and the Court will neither compel Republic to produce nor order additional discovery on the matter. The impermissibly embedded "motion," then, is **denied** (Filing No. 63).

## IV.    <u>CONCLUSION</u>

For the reasons explained above, the Court **GRANTS in part and DENIES in part** Republic's Motion to Dismiss (Filing No. 55).  Coomes' First (insomuch as it asserts a retaliation claim), Third, Fourth, Sixth, and Seventh claims survive dismissal; all other claims are **dismissed with prejudice**.  The Court **GRANTS** Republic's Motion for Summary Judgment on Coomes' claims regarding age discrimination occurring after March 1, 2018, (Filing No. 51), and enters judgment in favor of Republic and against Coomes on these claims.  The Court **DENIES** Coomes' "Request for Further Discovery" improperly embedded in his summary judgment response brief (Filing No. 63). Lastly, the Court **DENIES as moot** Coomes' "Motion for More Time Due to Technical Error" (Filing No. 62-1).

The parties are **directed** to confer regarding case management deadlines and to contact the Magistrate Judge to schedule a status conference to determine how this matter shall proceed.

**SO ORDERED.**

Date:  3/26/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

John Joseph Coomes
johncoomes@coomeslaw.com

David J. Carr
ICE MILLER LLP (Indianapolis)
david.carr@icemiller.com

Paul Conrad Sweeney
ICE MILLER LLP (Indianapolis)
paul.sweeney@icemiller.com